UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO RAMIREZ, | No.  1:23-cv-01554-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| v. | |
| C. PFEIFFER, et al. | (ECF No. 7) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 13, 2023.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") Although Plaintiff contends that his primary language is Spanish and he is being assisted by two other inmates, such circumstances do not warrant assistance of counsel. the record reflects that Plaintiff is receiving assistance sufficient to allow him to prosecute this litigation, and he is able to articulate his claims, even if it is with the assistance of other inmates. The test is whether exception circumstances exist and here, they do not. In the present case, the Court has yet to screen Plaintiff's complaint pursuant to 28 U.S.C. ¶ 1915A, and based on a cursory review of the complaint, the Court does not find the required exceptional circumstances. In addition, the Court cannot make a finding that Plaintiff is likely to succeed on the merits. Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.[1]

IT IS SO ORDERED.

Dated:   **November 14, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff seeks to amend the complaint, Plaintiff is advised that Federal Rule of Civil Procedure 15 provides: "A party may amend its pleading once as matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B).

2