UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO RAMIREZ,<br><br>   Plaintiff,<br><br> v.<br><br>C. PFEIFFER, et al.,<br><br>   Defendants. | Case No. 24-cv-01714 BLF (PR)<br><br>**ORDER DENYING MOTIONS FOR STAY AND TEMPORARY RESTRAINING ORDER**<br><br>(Docket Nos. 32, 36) |

Plaintiff, a state prisoner who is currently confined at Kern Valley State Prison (KVSP), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California. Dkt. No. 1. The Eastern District transferred the matter to this district after finding the second amended complaint (Dkt. No. 25) raised claims based on an incident that took place at Salinas Valley State Prison in 2019. Dkt. No. 26. The matter was reassigned to this Court on May 8, 2024. Dkt. No. 31.

Plaintiff filed a motion "to stay (pause) with extension of time and or to leave to amen[d] complaint with good cause." Dkt. No. 32. Plaintiff claims that his mail is being tampered with and is therefore unable to "meet and reach courts, affecting status and respect to complaints." *Id.* at 1. The motion is DENIED as unnecessary because there are currently no deadlines for Plaintiff to meet to warrant a stay or an extension of time. The

Court will conduct an initial screening of the second amended complaint for claims against SVSP defendants in due course.

Plaintiff has also filed a motion "to order cause for a preliminary injunction and a temporary restraining [order]." Dkt. No. 36. Plaintiff claims interference with access to the law library and other misconduct by prison officials at KVSP, and he seeks a "tro to cover… access to law library, access to attend assigned appointed groups, programs, medical ducats, etc.… to not be harassed continually nor discriminated upon." *Id.* at 2-4. The motion must be denied because Plaintiff seeks a TRO against non-parties, i.e., individuals at KVSP. An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* None of the named individuals in the TRO motion are parties to this action as they are KVSP personnel. Therefore, the Court has no jurisdiction over these non-parties to enforce a restraining order.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for a stay is **DENIED** as unnecessary, and the motion for a TRO is **DENIED** as unenforceable against non-parties. Dkt. Nos. 32, 36.

This order terminates Docket Nos. 32 and 36.

**IT IS SO ORDERED.**

Dated: __July 3, 2024_____          _____
                                          BETH LABSON FREEMAN
                                          United States District Judge

Order Denying Stay and TRO
PRO-SE\BLF\CR.24\01714Ramirez_tro&stay