UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-01714 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 38) |

Plaintiff, a state inmate currently confined at Kern Valley State Prison (KVSP), filed a civil rights complaint under 42 U.S.C. § 1983 in the Eastern District. Dkt. No. 1. After screening the second amended complaint ("SAC"), Dkt. No. 25, the Eastern District determined it was no longer the proper venue and transferred the matter to this district. Dkt. No. 26. The matter was reassigned to the undersigned on May 8, 2024. Dkt. No. 31. The Court will now proceed with an initial screening of the SAC.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that on May 11, 2019, he was beaten by Defendants G. Hernandez, T. Saetevrn, and J. Sivongsa at Salinas Valley State Prison ("SVSP").  Dkt. No. 25 at 3-5.  Specifically, Plaintiff alleges that while he was handcuffed and in leg cuff restraints while lying down, Defendants proceeded to "stomp, punch, kick" him "for no reason."  *Id.* at 3.  Plaintiff claims he suffers from "physical, psychological, emotional, PTSD traumas."  *Id.*  Plaintiff also claims that Defendant N. Gounden "with additional defendants had deliberately denied medical attention/needs" on that date.  *Id.* at 5.  Plaintiff claims Defendants' conduct violated his rights under the First, Fifth, Eighth, and Fourteenth Amendment rights.  *Id.* at 3.  Plaintiff seeks damages and injunctive relief.  *Id.* at 6.

Liberally construed, Plaintiff's allegations are sufficient to state a cognizable excessive force claim against Defendants Hernandez, Saetevrn, and Sivongsa under the Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

However, Plaintiff's allegation of deliberate indifference against Defendant Gounden and "additional defendants" is insufficient.  Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin*

2

*v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002),

Plaintiff provides no factual allegations explaining the specific "serious" medical needs he had from the excessive force incident nor any description of Defendant Gounden's knowledge of and response to those needs to establish that this defendant acted with deliberate indifference.  Furthermore, Plaintiff refers to an additional list of defendants attached to the SAC, but there are no allegations to establish that the defendants listed thereon acted with deliberate indifference to his serious needs.  The Court also notes that this list includes individuals who are not SVSP staff but those who work at other prison facilities.  Dkt. No. 25 at 13-15.  There are no factual allegations indicating that these individuals were involved in the May 11, 2019 incident.  Unless Plaintiff can allege sufficient facts to establish that these other defendants are liable, they must be dismissed from this action.

Lastly, the allegations, liberally construed, do not implicate Plaintiff's rights under

3

the First Amendment, e.g., freedom of speech or right to petition the government, or due process under the Fifth, and Fourteenth Amendments.

Plaintiff shall be granted leave to amend to attempt to correct the deficiencies of the Eighth Amendment deliberate indifference claim against Defendant Gounden and "additional defendants" if he can do so in good faith, as well as attempt to state sufficient facts to support a claim under the First, Fifth, or Fourteenth Amendments.

Plaintiff should keep the following principles in mind in preparing an amended complaint. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

C.      **Motion for Appointment of Counsel**

Plaintiff requests appointment of counsel and repeats his request for a preliminary injunction and TRO. Dkt. No. 38. Plaintiff alleges difficulty accessing the law library and mail tampering, as well as mental health challenges. *Id.* at 1-2.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's challenges do not distinguish him from other

4

prisoner-plaintiffs to warrant appointment of counsel. Rather, he should pursue administrative remedies to obtain relief for the challenged conditions at KVSP. Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

Furthermore, the Court has already addressed Plaintiff's prior motion for a preliminary injunction and denied it. Dkt. No. 37. He presents no new compelling reasons to reconsider this decision.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The second amended complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file a third amended complaint using the court's form complaint to correct the deficiencies described above. The third amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-01417 BLF (PR), and the words "THIRD AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the third amended complaint supersedes the original and previous amended complaints, and Plaintiff may not make references to those complaints. Claims not included in the third amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative**, Plaintiff may file notice to proceed on the cognizable excessive force claim against Defendants Hernandez, Saetevrn, and Sivongsa and strike all other

5

claims and Defendants from the SAC.

2. **Failure to respond in accordance with this order by filing a third amended complaint or notice in the time provided will result in this matter proceeding solely on the excessive force claim identified above and all other defendants and claims being dismissed with prejudice from this action for failure to state a claim for relief without further notice to Plaintiff.**

3. Plaintiff's motion for appointment of counsel is **DENIED**. Dkt. No. 38.

4. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 38.

**IT IS SO ORDERED.**

Dated: ___July 22, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.24\01417Ramirez_dwlta