1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11    NARCISO RAMIREZ,                          Case No. 24-cv-01714 BLF (PR)

             Plaintiff,

12                                              **ORDER OF PARTIAL DISMISSAL
                                                AND OF SERVICE; DIRECTING
13          v.                                  DEFENDANTS TO FILE
                                                DISPOSITIVE MOTION OR
14                                              NOTICE REGARDING SUCH
                                                MOTION; INSTRUCTIONS TO
15    G. HERNANDEZ, et al.,                      CLERK**

             Defendants.

16

17

18          Plaintiff, a state inmate currently confined at Kern Valley State Prison (KVSP),

19    filed a civil rights complaint under 42 U.S.C. § 1983 in the Eastern District.  Dkt. No. 1.

20    After screening the second amended complaint ("SAC"), Dkt. No. 25, the Eastern District

21    determined it was no longer the proper venue and transferred the matter to this district.

22    Dkt. No. 26.  The Court dismissed the SAC with leave to amend to correct deficiencies

23    with respect to several claims against Defendants at Salinas Valley State Prison ("SVSP").

24    Dkt. No. 39.  Plaintiff filed a third amended complaint ("TAC").  Dkt. No. 46.

25

26                                       **DISCUSSION**

27    A.    **<u>Standard of Review</u>**

28          A federal court must conduct a preliminary screening in any case in which a

United States District Court
Northern District of California

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

In the TAC, Plaintiff claims that on May 11, 2019, he was beaten by Defendants G. Hernandez, T. Saeturn, R. Alvarez, and J. Sivongsa at SVSP. Dkt. No. 46 at 2-3. Specifically, Plaintiff alleges that while he was lying down in handcuffs and leg restraints, Defendants proceeded to "beat" him "by way of punches, kicks, placing knee of [Plaintiff]'s back with full body weight." *Id.* at 3. Plaintiff claims Defendant Sivongsa then dragged him across the floor and threw him into a holding cage while he was still bleeding. *Id.* Plaintiff claims he suffered damages in "physical, psychological, PTSD expense." *Id.* Plaintiff seeks damages, injunctive relief, and "declaratory judgment." *Id.*

Liberally construed, these allegations are sufficient to state a cognizable excessive force claim against Defendants Hernandez, Saeturn, Alvarez, and Sivongsa under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Plaintiff also alleges that Defendant Alvarez later destroyed and trashed his personal property "all while Sgt. Perez, Lt. J. Cermeno, and other officials [were] witnessing such acts." Dkt. No. 46 at 3. Plaintiff claims Defendant Alvarez did so because he was "infuriated" that Nurse Espinoza contacted his supervisor even though

United States District Court
Northern District of California

1    Defendant Alvarez ordered him not to conduct a medical report or give Plaintiff his inhaler

2    for his asthma attack.  *Id.*  The attached papers to the TAC, indicate that Plaintiff filed a

3    grievance against Defendant Alvarez for missing property.  *Id.* at 16-17, 19, 21-22.  To

4    whatever extent Plaintiff is seeking damages for the loss of property, he fails to state a

5    claim for relief.  Neither the negligent nor intentional deprivation of property states a due

6    process claim under § 1983 if the deprivation was random and unauthorized.  *See Parratt*

7    *v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby

8    kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986);

9    *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).

10   The availability of an adequate state post-deprivation remedy, e.g., a state tort action,

11   precludes relief because it provides sufficient procedural due process.  *See Zinermon v.*

12   *Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide

13   meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or

14   common law tort remedy for erroneous deprivation satisfies due process).  California law

15   provides such an adequate post-deprivation remedy.  *See Barnett v. Centoni*, 31 F.3d 813,

16   816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Accordingly, this property

17   claim against Defendants Alvarez, Perez, and Cermeno is **DISMISSED** for failure to state

18   a claim.

19   **C.    Motion for Appointment of Counsel**

20        Plaintiff again requests appointment of counsel and repeats his request for a

21   preliminary injunction and TRO, and to enforce access to law library and access to courts.

22   Dkt. No. 47.  The Court first notes that his prior request for a TRO was denied, Dkt. No.

23   37, and he presents no new compelling reason in this recent filing for the Court to

24   reconsider that decision.  Furthermore, his request for a stay or extension of time is denied

25   because there are currently no pending deadlines in this matter.

26        As for his request for appointment of counsel, there is no constitutional right to

27   counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses

28

3

the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

Plaintiff's challenges do not distinguish him from other prisoner-plaintiffs to warrant appointment of counsel.  Furthermore, Plaintiff was already advised that he should pursue administrative remedies to obtain relief for the challenged conditions at KVSP. Dkt. No. 39 at 4-5.  Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The property claim against Defendants Alvarez, Perez, and Cermeno is **DISMISSED** with prejudice for failure to state a claim for relief.  This action shall proceed solely on the excessive force claim against Defendants named below.

2.      The following Defendants shall be served at SVSP:

    **a.      Correctional Officer G. Hernandez**

    **b.      Correctional Officer R. Alvarez**

    **c.      Correctional Officer J. Sivongsa**

    **d.      Correctional Officer T. Saeturn**

Service on the listed defendant(s) shall proceed under the California Department of

Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 46, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.     No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the

1   Court prior to the date the summary judgment motion is due.

2          b.      **In the event Defendants file a motion for summary judgment, the**
3   **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**
4   **warnings under _Rand v. Rowland_, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  _See_**
5   **_Woods v. Carey_, 684 F.3d 934, 940 (9th Cir. 2012).**

6          4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court
7   and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'
8   motion is filed.

9          Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and
10  _Celotex Corp. v. Catrett_, 477 U.S. 317 (1986) (holding party opposing summary judgment
11  must come forward with evidence showing triable issues of material fact on every essential
12  element of his claim).  Plaintiff is cautioned that failure to file an opposition to
13  Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to
14  the granting of the motion, and granting of judgment against Plaintiff without a trial.  _See_
15  _Ghazali v. Moran_, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); _Brydges v. Lewis_, 18
16  F.3d 651, 653 (9th Cir. 1994).

17         5.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after
18  Plaintiff's opposition is filed.

19         6.      The motion shall be deemed submitted as of the date the reply brief is due.
20  No hearing will be held on the motion unless the Court so orders at a later date.

21         7.      All communications by the Plaintiff with the Court must be served on
22  Defendants, or Defendants' counsel once counsel has been designated, by mailing a true
23  copy of the document to Defendants or Defendants' counsel.

24         8.      Discovery may be taken in accordance with the Federal Rules of Civil
25  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
26  Rule 16-1 is required before the parties may conduct discovery.

27         9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

28

United States District Court
Northern District of California

court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

      **IT IS SO ORDERED.**

**Dated:  __November 12, 2024_____**

BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.24\01714Ramirez_svc