UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | Case No. 24-cv-01714 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING CLASS ACTION STATUS**<br><br>(Docket No. 55) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officers at Salinas Valley State Prison for excessive force. The third amended complaint ("TAC") is the operative complaint. Dkt. No. 46. The Court found the TAC stated a cognizable claim and ordered service on Defendants Hernandez, Saeturn, Alvarez, and Sivongsa. Dkt. No. 50. On January 21, 2025, Defendants Sivongsa and Alvarez appeared. Dkt. No. 54. Their response to the Court's Order of Service is currently due by February 11, 2025. *See* Dkt. No. 50 at 5. As for the other two defendants, the CDCR filed notice that Defendants Hernandez and Saeturn had left their employment; service was reissued to these defendants at their last know addresses provided by the CDCR. Dkt. Nos. 52, 53.

Plaintiff filed a motion inquiring the status of this matter, seeking appointment of

counsel, and "requesting to review case as potential class action for several plaintiffs with similar and familiar circumstances." Dkt. No. 55. As for the first request, Plaintiff shall be provided with a copy of the docket in this matter.

As for his request for appointment of counsel, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, Plaintiff has presented no grounds to support his request. Dkt. No. 55 at 1. Accordingly, the request is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

As for whether this case is suitable for class action, we look to Federal Rule of Civil Procedure 23(a). The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. *See* Fed. R. Civ. P. 23(a). This action involves a single incident of excessive force against Plaintiff. Other than his general assertion that there are "several plaintiffs with similar and familiar circumstances," Plaintiff provides no other information to indicate that a class action is appropriate. Dkt. No. 55 at 1. Accordingly, the Court finds no basis for this matter to be a class action.

The Clerk shall include a copy of the docket with a copy of this order to Plaintiff.

This order terminates Docket No. 55.

**IT IS SO ORDERED.**

Dated: __January 30, 2025_____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge