UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>Defendants. | Case No. 24-cv-01714 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION; ADDRESSING OTHER PENDING MOTIONS**<br><br>(Docket Nos. 59, 60, 62, 63) |

Plaintiff, a state prisoner who is currently confined at Kern Valley State Prison (KVSP), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The third amended complaint is the operative complaint. Dkt. No. 46. The sole claim in this action is the excessive force claim against Defendants Hernandez, Alvarez, Sivongsa, and Saeturn. Dkt. No. 50. To date, only Defendants Alvarez and Sivongsa have been served and appeared in this action. Dkt. Nos. 54, 56. A service packet was resent to Defendant Hernandez at the last known address provided by the CDCR, and reservice to Defendant Saeturn at the last known address is also pending. Dkt. No. 53.

On February 10, 2025, Defendants Alvarez and Sivongsa filed a motion for an extension of time to file a dispositive motion because discovery is still ongoing and Defendants have yet to depose Plaintiff. Dkt. No. 59. Good cause appearing, the motion

is GRANTED. Defendants' new deadline for filing a dispositive motion shall be May 12, 2025, as requested.

Plaintiff filed a motion for summary judgment against Defendants because their time for filing a response has passed, a motion to compel discovery, a motion to appoint counsel, and consideration of the matter as a class action. Dkt. No. 60. Plaintiff's motion for summary judgment based on a lack of response from Defendants is more appropriately construed as a motion for default judgment. The motion is DENIED because Defendants Alvarez and Sivongsa have appeared and are in compliance with filing deadlines; therefore, they are not in default. Furthermore, there is no indication that Defendants Hernandez and Saeturn have yet been properly served in this matter. Accordingly, the motion is also denied with regard to these unserved defendants.

With regard to the motion to compel discovery, Rule 37 of the Federal Rules of Civil Procedure provides that a party may move to compel discovery from any other party but requires a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Here, Plaintiff has failed to satisfy the meet and confer requirement as there is no indication that he has attempted to discuss his discovery requests with Defendants' counsel. He must first attempt to do so before the Court will consider a motion to compel. Accordingly, the motion is DENIED.

With regard to his motion for appointment of counsel and class action, the Court already considered and denied a previous request on January 30, 2025. Dkt. No. 57. Plaintiff sets forth no new basis in this motion for the Court to reconsider. Accordingly, the motion is DENIED as duplicative.

Plaintiff filed another separate motion for stay, extension of time, and appointment of counsel. Dkt. No. 62. In the motion, Plaintiff expresses concern that he has not been receiving correspondence from the Court and seeks an extension of time "to response [*sic*], for appointed counsel, injunctions, TROs, to be answered and granted." *Id.* at 1. Plaintiff

is advised that there are no current deadlines for him to meet that would require an extension of time. Furthermore, his request for appointment of counsel and for stay are duplicative of past requests which were denied. Dkt. No. Dkt. Nos. 37, 57. Accordingly, this motion is **DENIED** as duplicative and unnecessary.

Plaintiff has also filed a separate motion for entry of default. Dkt. No. 63. As discussed above, no defendant is in default. *See supra* at 2. Accordingly, this motion is **DENIED**.

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

1. Defendants' motion for an extension of time is **GRANTED**. Dkt. No. 59. Defendants' summary judgment motion or other dispositive motion shall be filed **no later than May 12, 2025**.

Plaintiff's opposition to Defendants' dispositive motion shall be filed with the Court and served on Defendants **no later than twenty-eight (28) days** from the date Defendants' motion is filed.

Defendants shall file a reply brief **no later than fourteen (14) days** after Plaintiff's opposition is filed.

2. Plaintiff's motions for summary judgment, to compel discovery, appointment of counsel, for class action status, for a stay, and entry of default are **DENIED**. Dkt. Nos. 60, 62, 63.

This order terminates Docket Nos. 59, 60, 62, and 63.

**IT IS SO ORDERED.**

Dated: __February 13, 2025_____

_____
BETH LABSON FREEMAN
United States District Judge

Order Granting EOT; Addressing Pending Mots.
PRO-SE\BLF\CR.24\01714Ramirez_eot-MSJ&mots

3